IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TIMOTHY CLARK STAFFORD and
RUTH LORETTA STAFFORD,

      Plaintiff,

v.                                                                                       Case No. 2:19-cv-00400

WEST VIRGINIA STATE POLICE, *et al.*,

      Defendants.

**PROPOSED FINDINGS AND RECOMMENDATION**

    This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

*I.    ALLEGATIONS IN COMPLAINT*

    The instant complaint alleges that, on three occasions between December 29, 2018, and April of 2019, Timothy Clark Stafford ("Stafford") was arrested by law enforcement officials for alleged violations of a "Personal Safety Order" ("PSO") that had been issued by a Kanawha County magistrate upon the complaint of Stafford's neighbor, John C. Kirwin ("Kirwin"), with whom Stafford had a long-standing conflict, largely arising over their dogs. Stafford claims, however, that the PSO "did not exist" because it had been vacated by Judge Joanna I. Tabit, Kanawha County Circuit Judge, in November of 2018 and, thus, there was no basis upon which to arrest him.

First, Stafford claims that he was arrested by two West Virginia State Troopers on or about December 29, 2018, after a verbal altercation with Kirwin. (ECF No. 2 at 4-5). He claims that he was taken into custody at the SCRJ and held for 72 hours and that he was "abused from the arrest time until released." (*Id.* at 5). He further alleges that the charges brought against him were subsequently dismissed in Magistrate Court. (*Id.*) Stafford contends that he delivered a copy of Judge Tabit's order to Magistrate Jack Pauley on January 2, 2019, and, thus, he was aware of the vacated order as of that date. (*Id.* at 8).

Stafford further claims that, in February of 2019 (no specific date is provided), he was again arrested by the Chief of Police for the Town of East Bank, West Virginia, where he then resided, after another "exchange of words" with Kirwin. (*Id.* at 9). Stafford alleges that he was taken to the Marmet Police Department so the East Bank officer could complete the arrest paperwork. (*Id.*) Stafford further asserts that he advised the officer(s) that the PSO had been vacated, and that although he subsequently presented the order vacating the PSO, the arresting officer "elected to keep [Stafford] under arrest and charged [him] with the PSO violation." (*Id.*) Stafford alleges that he was taken to magistrate court, where the magistrate "declined to process the phony charge and instructed the East Bank Police to return [Stafford] home." (*Id.*) Stafford further alleges that the East Bank Police told him that he was never under arrest, despite being handcuffed and detained for 4-5 hours. (*Id.*)

Stafford further alleges that, in April of 2019, "after several days of harassment and provocation" by Kirwin, Stafford again "exchanged words with Kirwin" and the Kanawha County Sheriff's Department allegedly declined to intervene at that time. However, later that day, while he was out driving in his car, Stafford was pulled over and arrested by two

2

Kanawha County Deputy Sheriffs, again allegedly for violating the PSO that "doesn't exist." (*Id*. at 8). Stafford alleges that he was taken to the SCRJ and that his vehicle was towed away and items therein seized. (*Id*.) Stafford claims that he was held at the SCRJ until the next day, when his mother posted a $3,500 bail bond. (*Id*.) Stafford further maintains that he was beaten while at the SCRJ, causing permanent injury to his nose. (*Id*.)

Stafford's complaint seeks an "investigation" of these incidents and purported monetary damages for "housing or moving expenses." His claim for relief appears to be grounded in the failure "to provide police protection or other means of safety." (*Id*. at 5-6). On August 21, 2019, Stafford provided a copy of Judge Tabit's order vacating the PSO, which appears to have been entered on November 14, 2018. (ECF No. 8). The order indicates that a copy thereof was to be provided to "any law enforcement agency having jurisdiction to enforce this Order, including the county sheriff, the local office of the state police, and any municipal police force, to be placed in a confidential file by such law enforcement agencies pursuant to W. Va. Code § 53-8-2(a)." (*Id*. at 3).

## II.   DISCUSSION

Although Ruth Loretta Stafford is listed as a plaintiff in the style of the complaint and her name appears in the signature block, it appears that Timothy Clark Stafford, who was then incarcerated at the South Central Regional Jail, signed the complaint on her behalf, and that Ruth Loretta Stafford has neither paid the applicable filing fee, nor submitted her own Application to Proceed Without Prepayment of Fees and Costs. As a *pro se* litigant, Timothy Clark Stafford cannot represent Ruth Loretta Stafford or prosecute claims on her behalf. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.

1975) ("the competence of a layman [litigating for] himself [is] clearly too limited to allow him to risk the rights of others").

Additionally, with respect to Ruth Loretta Stafford, at most, the complaint alleges that, on an unspecified date in April of 2019, unidentified Kanawha County Deputy Sheriff's Department officers "stopped by our house in East Bank, beat on our doors, frightening my mother considerably to retrieve PSO exauneration [sic] to no avail." (ECF No. 2 at 8). This allegation is far too conclusory to give rise to a plausible claim for relief.

Otherwise, the complaint generally alleges that the various law enforcement officials involved "would not provide police protection" to Ruth Loretta Stafford from her neighbors. These allegations are also insufficient to state a plausible claim for relief. To the extent that the complaint alleges that law enforcement failed to provide the Staffords police protection from their neighbors, "a breach of a general duty owed by [a] local governmental entity to the public as a whole, such as to provide police protection, is not actionable." *See, e.g., Lavender v. W. Va. Reg'l Jail and Corr. Facility Auth.*, No. 3:06-cv-01032, 2008 WL 313957, * 9 (S.D.W. Va., Feb. 4, 2008) (citing *Holsten v. Massey,* 490 S.E.2d 864, 869 (W.Va.1997) (describing "public duty doctrine" and "special relationship exception")). Thus, such governmental entities and their employees have no duty to protect particular individuals from harm by third parties in order to give rise to tort liability. The Staffords have not alleged any "special relationship" with the police or a promise of protection that would stand as an exception to the "public duty doctrine" and give rise to a special duty owed to the Staffords "in addition to and apart from any duty owed the public in general." *Id.; see also Parkulo v. West Virginia Bd. of Prob. and Parole,* 483 S.E.2d 507, 519 (W.Va.1997) (The special relationship exception to this doctrine applies only when the public body owes a duty to a private person, which is "in

4

addition to and apart from any duty owed the public in general.") Accordingly, because Ruth Loretta Stafford has not properly appeared as a Plaintiff herein and because the complaint fails to state a plausible claim for relief on her behalf, the undersigned proposes that the presiding District Judge dismiss Ruth Loretta Stafford as a Plaintiff in this civil action.

### III. RECOMMENDATION

Pursuant to the proposed findings made herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Ruth Loretta Stafford as a Plaintiff herein without prejudice.

Plaintiffs are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiffs shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the Plaintiffs at their respective addresses listed on the docket sheet.

April 27, 2022

Dwane L. Tinsley
United States Magistrate Judge